William D. COWEN and Fred E. Rogers, Appellants,

v.

UNITED STATES of America, Appellee.

No. 12899.

United States Court of Appeals Sixth Circuit.

Feb. 23, 1957.

Neville M. Tucker, Louisville, Ky., Ewbank Tucker, Louisville, Ky., on brief, for appellants.

William B. Jones, Louisville, Ky., J. Leonard Walker, U. S. Atty., Louisville, Ky., on brief, for appellee.

Before SIMMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

## PER CURIAM.

Appellants Cowen and Rogers were convicted of transporting, possessing, and transferring tax-unpaid whiskey, in concert with one Walker. The facts, as developed before the jury, briefly are as follows:

A federal agent of the Alcohol and Tobacco Tax Unit received information that a Packard automobile, transporting illicit whiskey, would travel on a particular stretch of highway at an estimated time. The agent and a trooper of the Kentucky State Police stationed themselves at the designated place in a police-cruiser automobile. At the appointed time (about 8:00 o'clock P.M.), the Packard car appeared, closely preceded by a Pontiac automobile. The officers followed the two vehicles, which were observed traveling close together. Occasionally the Pontiac car would stop to permit the Packard to "catch up." Similar turns were made by both automobiles.

On a lighted stretch of the highway, the occupants of the Pontiac observed that they were being followed by the clearly marked State Police cruiser, whereupon they accelerated to high speed. The officers radioed ahead, and the Pontiac was intercepted by another trooper who arrested its occupants, the appellants here.

The Packard, driven by Walker, when overtaken by the federal agent and the state trooper, was found to be loaded with forty gallons of illicit whiskey, covered by two top coats. The pocket of one coat contained a yellow tag describing the Pontiac "convoy" car. This tag had been attached to the key of the Pontiac when it was sold to appellant Cowen the day before his arrest. The evidence connecting the appellants with the "transport" car is strong and convincing and is uncontradicted. Neither defendant testified in his own behalf.

Appellants insist that the district judge's charge was prejudicial to the extent that they were denied a fair trial. No exceptions were taken to the charge, however. Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., states: "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

In Gariepy v. United States, 6 Cir., 220 F.2d 252, 261, this court said: "No exception was taken by appellant's attorneys to the paragraph of which complaint is now made. Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that error cannot be assigned to any portions of or omissions from a charge, unless objection thereto is made before the jury retires. The rule requires that the grounds for the objection be stated distinctly. We agree with the expression in United States v. Raub, 7 Cir., 177 F.2d 312, 315, that Rule 52(b) should not be lightly invoked. That rule gives the appellate court discretion to notice plain errors or defects affecting substantial rights. [Citing cases.]"

In the instant case, it is obvious that appellants were deprived of no substantial rights.

Accordingly, the judgment of the district court is affirmed.